IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 10-10228 (ESL) |
| ARMANDO TORRES ORTIZ MILAGROS DE LA TORRE RAMOS | CHAPTER 13 |
| Debtors | |
| WILFREDO SEGARRA MIRANDA TRUSTEE | |
| Plaintiff | ADV. PROC. 16-00042 |
| VS. | |
| BANCO POPULAR DE PUERTO RICO | |
| Defendant | |

OPINION AND ORDER

This case is before the court upon the *Motion to Set Aside Order and Judgment Granting Plaintiff's Motion for Summary Judgment* (the "*Motion to Set Aside Order*", Docket No. 28) filed by creditor Banco Popular de Puerto Rico ("BPPR"); the *Motion to Strike Document: BPPR's Motion to Set Aside Order and Judgment granting Plaintiff's Motion for Summary Judgment* filed by Wilfredo Segarra Miranda, Trustee (the "Trustee") (Docket No. 29); the *Motion for Reconsideration of Order and Judgment, and Notice filed by BPPR* (Docket No. 30), and the *Opposition* thereto (Docket No. 31).

Relevant Procedural History

The Debtors, Armando Torres Ortiz and Mildred La Torre Ramos, filed a chapter 13 bankruptcy petition on October 10, 2010. (Leading Case, Docket No. 1). Debtors' plan dated October 10, 2010 (Lead Case, Docket No. 4) was confirmed on December 30, 2010. (Lead case, Docket No. 16).

On January 23, 2015, Banco Popular PR filed *Motion for Relief of Stay under 362*, alleging that Debtors had accrued three (3) post petition arrears, and that the arrears where a material default to the plan, which provided for post-petition direct payments. (Lead Case, Docket No. 37). Furthermore, on February 11, 2015, the Chapter 13 Trustee, José R. Carrión Morales, filed *Trustee's motion to dismiss for failure to make payments with Declaration Under Servicemember Civil Relief Act of 2003* (Lead Case, Docket No. 42). On February 12, 2015, the court granted the *Motion for Relief of Stay filed by Banco Popular P.R.* as unopposed (Lead Case, Docket No. 43).

On March 19, 2015, the Debtors filed a *Notice of Conversion of Case under Chapter 13 to Chapter 7 (*Lead Case, Docket No. 53). On March 24, 2015, Wilfredo Segarra Miranda was appointed Trustee (Lead Case, Docket No. 60).

On March 10, 2016, the Chapter 7 Trustee filed the present adversary proceeding in order to "avoid, set aside, and rescind an unduly registered lien over Property #25105, property which in turn will be recovered by the Trustee free and clear of all unrecorded conveyances, preserved for the benefit of the bankruptcy estate and subsequently liquidated for the benefit of unsecured creditors. Alternatively, the Trustee seeks an award for actual and punitive damages, and reasonable attorney fees against BPPR upon a finding of willful violation of the automatic stay for its postpetition actions to re[g]ister and create a lien over Property #25105, in clear violation of the automatic stay". (Adv. Proc., Docket No. 1). An *Answer to Complaint* was filed by BPPR on May 5, 2016 (Adv. Proc., Docket No. 9).

On November 3, 2016, the parties filed a Join Pretrial Report (Docket No. 18). On November 14, 2016, the Trustee filed the *Motion for Summary Judgment* requesting the court to find that: 1) the Property Registrar acted incorrectly in making the recordation over Property #25105; 2) the Trustee, both as a hypothetical lien creditor and a bona fide purchaser who perfected his right as of the date of the filing, acquired preference to and, under Section 544(a) of the Bankruptcy Code, is entitled to avoid the mortgage lien over the Property; and 3) that BPPR's post-petition actions to register the R&G Mortgage and create a lien over Property #25105 was in violation of the automatic stay provisions. (Docket No. 23). On January 26, 2017, the

Unopposed Motion for Summary Judgment was granted by the court (Docket No. 24) and Judgment was entered accordingly (Docket No. 25). On February 9, 2017, BPPR filed its Motion for Reconsideration of Order and Judgment (Docket No. 28), which was amended through the *Motion for Reconsideration of Order and Judgment, And Notice* (Docket No. 30). The Trustee filed its *Opposition to BPPR's Amended Motion for Reconsideration of Order & Judgment* (Docket No. 31).

Reconsideration Standard

"Motions to reconsider are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure *in haec verba*." In re Lozada Rivera, 470 B.R. 109, 112 (Bankr. D.P.R. 2012), citing Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. 212, 218-219 (Bankr. D.P.R. 1999), conf'd 17 Fed. Appx. 5 (1st Cir. 2001). Also see Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), cert. denied 510 U.S. 859, abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075-1076 (5th Cir. 1994). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b). See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)); Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial), 152 B.R. 786, 788 (D. Mass. 1993). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within fourteen (14) days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." In re Lozada Rivera, 470 B.R. at 113, quoting Van Skiver, 952 F.2d at 1243. Also see Universal Ins. Co. v. DOJ, 866 F. Supp. 2d 49, 73 (D.P.R. 2012) ("A motion is characterized pursuant to [Fed. R. Civ. P.] 59(e) or [Fed. R. Civ. P.] 60(b) based upon its filing date.") "The substance of the motion, not the nomenclature used or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. at 113. Under either rule, "the

granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted).

Fed. R. Civ. P. 59(e) itself does not state the grounds on which relief under the rule may be granted. Therefore, trial courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Fed. R. Civ. P. 59(e). See ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) ("[Trial] courts enjoy considerable discretion in deciding [Fed. R. Civ. P.] 59(e) motions, subject to circumstances developed in the case law."); Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004), citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993); Robinson v. Watts Detective Agency, 685 F.2d 729, 743 (1st Cir. 1982).

Generally, in order for a motion for reconsideration to proceed under Fed. R. Civ. P. 59(e), the movant must clearly establish a manifest error of law or present newly discovered evidence that could not have been diligently found during the case. See Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing In re Rodriguez, 233 B.R. at 219. The Court of Appeals for the "First Circuit has explained that a motion for reconsideration brought under Fed. R. Civ. P. 59(e) must be based upon newly discovered evidence or a manifest error of law or fact." BBVA v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). "To meet the threshold requirements of a successful [Fed. R. Civ. P.] 59(e) motion, the motion must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision." In re Schwartz, 409 B.R. at 250 (citations omitted).

"A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) (citations omitted). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate

matters already litigated and decided by the court.  See Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205 fn.4 (D.P.R. 1999).  "A party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that 'could, and should, have been made before judgment issued."  See Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted).  Conversely, the court should renew and reconsider whether it "patently misunderstood a party … or has made an error not of reasoning by apprehension."  Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 82 (1st Cir. 2008).  Also see Mulero-Abreu v. Puerto Rico Police Department, 675 F.3d 88, 94-95 (1st Cir. 2012) (granting reconsideration in cases of "manifest error of law").  "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly."  United States ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013).  "In practice, because of the narrow purposes for which they are intended, [Fed. R. Civ. P. 59(e)] motions typically are denied."  Wright & Miller 11 Federal Practice and Procedure § 2810.1 (2nd ed. 2012) at p. 171.   "[M]otions for reconsideration should not give parties a 'second bite at the apple' or 'another roll of the dice'".  Conway v. A.I. duPont Hosp. for Children, 2009 U.S. Dist. LEXIS 45198 at *13, 2009 WL 1492178 at *4 (E.D. Pa. 2009).  Also see BBVA v. Santiago-Vazquez (In re Santiago-Vazquez), 471 B.R. 752, 761 (B.A.P. 1st Cir. 2012) ("in denying reconsideration, the bankruptcy court correctly applied the [] First Circuit precedent against a second bite at the apple: litigants may not use Fed. R. Civ. P. 59(e) to advance arguments they could have made earlier")

BPPR's *Motion to Set Aside Order* was filed under Fed. R. Bankr. P. 59(e), applicable in bankruptcy adversary proceedings through Fed. R. Bankr. P. 9023, and is premised on the following arguments: (1) the Motion for summary judgment was untimely, as it was filed fourteen (14) days after the pretrial conference, although the parties had agreed to a sixty (60) day period to conclude discovery and sixty (60) days thereafter to file dispositive motions; (2) the court made an "unexplainable mistake" by "finding in the Order that it ordered Defendant to reply to the untimely Motion for Summary Judgment" when it stated "as ordered by the court on November 4, 2016", as there was no order entered by the court to reply to the  premature motion for Summary

Judgment filed on November 14, 2016; (3) the Plaintiff's Motion for Summary Judgment fails to comply with the Local Rules of Civil Procedure 56(b) which requires that motions for summary judgment "shall be supported by a separate, short and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation as required by subsection (e) of this rule". L. Civ. R. 56(b); (4) that some of the documents filed by Plaintiff are not in English, as required by 48 U.S.C. §864 and Local Rule 5(g); (5) the record is barren of any BPPR's post-petition actions to register the R & G Mortgage and create a lien over property #25105 and therefore no base for the Court's conclusion that BPPR violated the automatic stay; (6) the Registrar of Property recorded *sua sponte* the R&G Mortgage, without Banco Popular's intervention, as allowed by bankruptcy law and that said registration did not violated bankruptcy law, since the Registrar of Property is not bound by the automatic stay of 11 U.S.C. §362.; and (7) that "at trial, Banco Popular will prove that the foregoing inscription related to the pre-bankruptcy presentation, to which no third party could acquire a higher rank or be bound by the effects of the R&G Mortgage".

In its *Opposition*, the Plaintiff alleges that: (1) the Defendant's Motion for Reconsideration fails to meet the standard for reconsideration under Federal Rules of Civil Procedure by failing to provide convincing reasons why the court's Order should be revisited, as it fails to provide compelling facts or law in support of reversing the court's determination, and by advancing new arguments that could and should have been presented to the court prior to the Order and Judgment. The Plaintiff also alleges that the Defendant failed to timely respond to the motion for summary judgment, and the allegations that said motion was "untimely" is meritless, as a motion for summary judgment can be filed "at any time until 30 days after the close of all discovery", pursuant to Fed. R. Civ. P. 56(b). Additionally, the Plaintiff alleges that there are no exhibits or documents in Spanish attached to the Trustee's for Summary Judgment, as stated by Defendant. Furthermore, the Plaintiff states that the only legal reference made by BPPR in the present case is Soto Ríos v. Banco Popular, 662 F.3rd 112, 117 (1st Cir. 2011), yet the facts of the

case are different from the instant case, considering that the lien was presented in a different property.

Although the court is unpersuaded by the Defendant's arguments for reconsideration, as most of the arguments could or should have been presented to the court prior to the judgment, and the Defendant may be using the reconsideration as an attempt to undo its own procedural failure, a careful review of the record reveals that the parties have omitted and left unaddressed a material fact in the present case, that is, that the stay was lifted in favor of BPPR (Lead Case, Docket No. 43) prior to the notice of conversion. 11 U.S.C. §549 states that "…the trustee may avoid a transfer of property of the estate (1) that occurs after the commencement of the case; and (2) (A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court". The post-petition registration of BPPR's lien was authorized by the court pursuant to the order lifting the automatic stay.

Conclusion

In view of the foregoing, the *Motion for Reconsideration* filed by BPPR (Docket No. 28) is hereby granted. The court vacates the *Order* at Docket No. 24 and the *Judgment* entered at Docket No. 25. It is further ordered that the parties meet and explore settlement. If no agreement is reached and filed within thirty (30) days, the court will schedule a status conference.

SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of October, 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge