IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 10-10228 (ESL) |
| ARMANDO TORRES ORTIZ AND MILDRED LA TORRE RAMOS | CHAPTER 7 |
| Debtors | |
| WILFREDO SEGARRA MIRANDA, CHAPTER 7 TRUSTEE | ADV. PROC. NO. 16-00042 (ESL) |
| Plaintiff | |
| vs. | |
| BANCO POPULAR DE PUERTO RICO | |
| Defendant | |

OPINION AND ORDER

This adversary proceeding is before the court upon the *Motion to Dismiss* (Docket No. 50) filed by defendant Banco Popular de Puerto Rico (hereinafter referred to as the "Defendant" or "BPPR") arguing: (i) that the complaint now fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) because the trustee's avoiding power is subject to two exceptions that are present in the instant adversary proceeding; namely: the relation-back exception pursuant to 11 U.S.C. §546(b) and the authorized post-petition "transfer" under 11 U.S.C. §549; (ii) the court concluded that, "[t]he post-petition registration of BPPR's lien was authorized by the court pursuant to the order lifting the automatic stay;" (iii) thus, no violation of the automatic stay was incurred by BPPR or the Property Registrar; and (iv) the court must act in conformity with the law of the case and must enter an order dismissing the present adversary proceeding. The Chapter 7 Trustee filed his *Opposition to [the] Motion to Dismiss* contending that: (i) the Order granting the motion for relief from stay was filed for the limited purpose of continuing the *in rem* procedure of a mortgage foreclosure over the Property; (ii) article 214 of

the Mortgage Law provides in pertinent part, "….[w]hen rectification might affect the rights of registered titleholders, their consent or a judicial resolution ordering the rectification of the entries shall be required." The title studies submitted by BPPR evince that the bill of presentation ("asiento de presentación") of the R&G Mortgage was mistakenly presented as a lien over property #7187, and not property #25105, which is property of the bankruptcy estate; (iii) the trustee became a bona fide purchaser of the residence before the Registrar rectified the error. As a bona fide purchaser, the trustee took title to all property in which the debtor held an interest as of the date of the petition, free and clear of all unrecorded conveyances. Thus, the corrected entry cannot relate back to the date the bill of entry was mistakenly recorded due to his intervening interest in the realty acquired under 11 U.S.C. §544(a)(3); (iv) article 211 of the Puerto Rico Mortgage Law, provides that the correction done to the presentation inscription by the Registrar of the Property cannot impair rights legitimately acquired before that date by a third party such as the Trustee, who meet the conditions thereby established; (v) the Property Registrar acted incorrectly in making the recordation over property #25105; (vi) the post-petition and post-conversion lien created by the R&G mortgage should be set aside pursuant to section 544(a); and (vii) the R&G lien is preserved in favor of the bankruptcy estate by virtue of 11 U.S.C. §§544 and 551. DeGiacomo v. Traverse (In re Traverse), 753 F. 3d 19 (1st Cir. 2014) (Docket No. 57). BPPR filed its *Reply to Trustee's "Opposition to Request for Dismissal"* (Docket No. 65). For the reasons stated herein, BPPR's *Motion to Dismiss* is hereby denied.

## Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and (b)(2). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

## Procedural Background

The Debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on October 29, 2010 (Lead Case No. 10-10228). The Debtors included in Schedule A- Real Property,

the real property in controversy with a current value of $190,000 and a secured claim in the amount of $153,837.67 (Lead case No. 10-10228, Docket No. 1, pg. 20). The Debtors listed in Schedule D- Creditors Holding Secured Claims, a mortgage over a house located in Toa Alta, PR with a value of $190,000 and BPPR's claim in the amount of $124,367.84 (Lead Case, Docket No.1, pg. 25). On December 27, 2010, BPPR filed proof of claim #2-1 as a secured claim in the amount of $124,367.84 based on a mortgage note and secured by real estate with a value in the amount of $190,000. On December 30, 2010, the Debtor's plan of reorganization dated October 19, 2010[1] was confirmed (Lead Case, Docket No. 16). On January 12, 2011, BPPR filed proof of claim 4-1 as a secured claim in the amount of $124,672.86 based on a mortgage note and secured by real estate with a value that has not been estimated.

On January 23, 2015, BPPR filed a *Motion for Relief from Stay Pursuant to 11 U.S.C. §362* contending that it is a secured creditor and has not been offered nor provided adequate protection as required by section 362(d)(1) and thus, requests that the automatic stay be lifted in order to proceed with the foreclosure of the mortgage against the property (Lead Case, Docket No. 37). On February 12, 2015, the court granted by default BPPR's motion for relief (Lead Case, Docket No. 43).

On February 11, 2015, the Chapter 13 Trustee filed a *Motion to Dismiss* the case because the Debtors are in material default with the terms of the confirmed plan (Lead Case, Docket No. 42). On March 19, 2015, the Debtors filed a *Notice of Conversion to Chapter 7* (Lead Case, Docket No. 53). On March 24, 2015, Wilfredo Segarra Miranda was appointed as the Chapter 7 trustee (Lead Case, Docket No. 60). On April 13, 2015, the Debtors filed a *Statement of Purpose of Amended Schedules A, B, C, I and J* in which amended Schedule A- Real Property, was listed with a current value of $140,000 and a secured claim in the amount of $137,938.40 (Lead Case, Docket No. 67).

On March 10, 2016, the Chapter 7 Trustee filed the present adversary proceeding to avoid a post-petition and post-conversion lien over property #25105, which belongs to the bankruptcy

---

[1] The court notes that the plan of reorganization was dated October 19, 2010. However, the Debtors filed for bankruptcy protection on October 29, 2010.

estate. The Chapter 7 Trustee in the complaint contends the following: (i) according to the inscription, the mortgage deed number 133 was presented for registration over property #7187 and not property 25105 which is the property of the bankruptcy estate; (ii) at the time of the filing of the petition, the property was not encumbered by the mortgage; (iii) on or around November 9, 2015, the Property Registrar registered the mortgage under property #25105 (instead of over property #7187 where it had been presented for recordation and registry); (iv) the process of registration begins when the mortgage deed is presented and recorded in the daily book of presentations kept by the Property Registrar. This entry preserves [the] rank, as the inscription of the mortgage relates back to the date and the time the Bill of Entry is recorded in the daily books, applying the principle, "*prior tempore, potior iure*;" (v) the preference or rank of any deed will be determined through the date of the Bill of Presentation ("Asiento de Presentación"). Gasolinas de PR Corp. v. Registrador, 155 D.P.R. 652, 675 (2001). If the Bill of Presentation is recorded on the wrong parcel of land, the inscription relates back to that mistaken entry. Segarra Miranda v. Doral (Adv. Proc. 07-00292, Docket No. 34); (vi) the mortgage law allows Property Registrars to rectify an erroneous entry in the daily books, 30 L.P.R.A. §§2501-2505; (vii) However, "[w]hen rectification might affect the rights of registered titleholders, their consent or a judicial resolution ordering the rectification of the entries shall be required;" 30 L.P.R.A. §2502. Thus, before correcting or rectifying any fact set forth in the Registry of Property, the consent of the titleholders whose rights could be affected by the correction must be sought; and in the absence of this consent, the Registrar or the party seeking the correction must first obtain a court decision ordering the correction of the entry; (viii) in the instant case, the title studies submitted by BPPR in support of its claims show that the Bill of Presentation of the mortgage deed was mistakenly presented for registration over property #7187, and not property #25105, which is property of the bankruptcy estate; (ix) footnote 1 in the complaint states that, "Plaintiff is unaware whether the mistake was made by the Notary Public in the preparation of the minutes of presentation or by the Property Registrar. Nevertheless, identification of the wrongdoer is not a material fact in terms of the cause of action presented by the Trustee; (x) Article 110 of the Mortgage Law provides

that, "[i]n no case, may correction of the Registry impair the rights legitimately acquired by a third party who meets the conditions hereby established;" 30 L.P.R.A. §2360. The rectification may be retroactive if, inter alia, the rights of an intervening third party are not adversely affected; and (xi) "the Puerto Rico Mortgage and Property Act, specifically provides that the correction done to the presentation inscription by the Registrar of the Property as of November 9, 2015, cannot impair the rights legitimately acquired before that date by a third party like the Trustee herein, who meets the conditions thereby established." The four causes of action that the complaint is based upon are the following: (i) the post-petition and post-conversion lien created by the mortgage deed should be set aside pursuant to 11 U.S.C. §544(a). The trustee as a hypothetical lien creditor and a bona fide purchaser who perfected his rights as of the date of the filing of the petition, or ultimately upon conversion, has preference over any unrecorded transfer of the property and, thus is entitled to avoid the post-petition and post-conversion lien created by the Property Registrar in recording the mortgage deed over property #25105. Pursuant to the provisions of the Puerto Rico Mortgage Law, 30 L.P.R.A. §2360, any annotation or correction made by the Property Registrar after the filing of the Petition in this case cannot affect the rights acquired by the Trustee as of the filing and conversion dates; (ii) property #25105 is part of the bankruptcy estate and the mortgage lien is avoidable pursuant to section 544. The mortgage lien is preserved in favor of the bankruptcy estate by virtue of 11 U.S.C. §§544 and 551; (iii) BPPR and the Property Registrar were stayed from registering post-petition any liens over property of the bankruptcy estate. Defendant's post-petition registering and creating a lien constitute a violation of the automatic stay provisions; and (iv) actual damages pursuant to 11 U.S.C. §362(k), plus attorney fees incurred in these proceedings (Docket No. 1).

On November 3, 2016, the parties filed a *Joint Pre-Trial Report* (Docket No. 18). The joint pre-trial report included the following pertinent uncontested facts: (i) according to a title study prepared on March 12, 2012 by L.J.N. Title Search Company, Inc., the Agora Inscription System of the Registry of Property, the RG mortgage was presented for registration under property #7187; (ii) BPPR is the current holder of the RG loan and the RG loan documents; and

(iii) on or around November 9, 2015, the Property Registrar registered the RG mortgage under property #25105 in the Property Registry of Bayamón, Section III, at folio 189, volume 495 of Toa Alta, fifth inscription (Docket No. 18, pgs. 3-4). The contested facts included in the Joint Pre-Trial Report were the following: (i) whether at the time of the filing of the petition, property #25105 was encumbered by the R&G mortgage and (ii) whether the R&G mortgage was presented for registration over property #7187, and not property #25105 at the Registry of Property (Docket No. 18, pg. 4). On November 4, 2016, the pre-trial hearing was held and the parties were granted sixty (60) days to conclude discovery. The parties were also granted sixty (60) days thereafter to file dispositive motions. The pre-trial hearing was continued without a date (Docket No. 19).

On November 14, 2016, the Chapter 7 Trustee filed a *Motion for Summary Judgment* which includes similar legal arguments as those in the complaint to support his position that the registration and resulting lien over property #25105 must be avoided and rescinded and therefore, property #25105 be recovered by the Trustee free and clear of all unrecorded conveyances, including the mortgage lien (Docket No. 23). The legal arguments were the following: (i) "[t]he process of inscription or registration begins when the mortgage deed is presented and recorded in the daily book of presentations, kept by the Property Registrar. This entry preserves the rank, as the inscription of the mortgage relates back to the date and time the Bill of Entry is recorded in the daily books, applying the principle "*prior tempore, potior iure*" Gasolinas de Puerto Rico Corporation v. Registrar; (ii) Article 53 of the Mortgage Law of Puerto Rico, 30 L.P.R.A. §2256 provides: "[r]egistered titles shall become effective for third parties from the date of their registration. For all intents and purposes, the registration date, including the determination of the term needed for cancellation of entries, must appear in the registration itself. In order to determine preference between two or more registrations of the same property, attention shall be given to the date, hour and presentation number of the respective titles in the Registry;" (iii) "… although the titles become effective for third parties from the date of their registration, since the effective date relates back to the presentation date, in order to determine preference between two or more

-6-

registrations attention is given to the date, hour and presentation number. Ponce Federal v. Registrador, 105 D.P.R. 486 (1976). In other words, the preference or rank of any deed will be determined through the date of the Bill of Presentation ("Asiento de Presentación"). Gasolinas de PR Corp. v. Registrador, 155 D.P.R. 652, 675 (2001); (iv) if the bill of presentation is recorded on the wrong parcel of land, the inscription relates back to that mistaken entry. Segarra Miranda v. Doral, Adv. Proc. 07-00292 (SEK) (Docket No. 34, pgs. 3-4); (v) on November 9, 2015, when the Property Registrar made the correction stating that he was registering the deed of mortgage against property #25105, the effectiveness of the final registration cannot relate back nor can it be effective against third parties because there is nothing to relate back to due to the fact that the original inscription of the lien had been originally registered over a different property;" (vi) [Article 151] of the Mortgage Law of Puerto Rico, 30 L.P.R.A. §2502 provides that before correcting or rectifying any fact set forth in the Property Registry the consent of the titleholders whose rights could be affected by the correction must be sought; and in the absence of this consent, the Registrar or the party seeking the correction must first obtain a court decision ordering the correction of the entry; (vii) the title studies submitted by BPPR evince that the bill of presentation of the mortgage was mistakenly presented for registration over property #7187, and not property #25105, which is the property of the bankruptcy estate; (viii) article 110 of the Mortgage Law, 30 L.P.R.A. provides that, "[i]n no case, may correction of the Registry impair the rights legitimately acquired by a third party who meets the conditions hereby established;" (ix) "[t]he rectification may be retroactive if, inter alia, the rights of an intervening third party are not adversely affected" Gasolinas de Puerto Rico Corp. v. Registrador, 155 D.P.R. 652, 684 (2001); and (x) "[i]n the instant case, the entry of presentation publicized the wrong property. Therefore, the mistaken presence of an entry of presentation over Property #7187 entailed the publication of an absence of encumbrances on Property #25105. The registration and resulting lien over property #25105 must, therefore, be avoided and rescinded, and the property #25105 be recovered by the Trustee free and clear of all unrecorded conveyances, including the R&G mortgage lien"; (xi) the Trustee, both as a hypothetical lien creditor and a bona fide purchaser

who perfected his right as of the date of the filing, or upon the conversion, acquired preference to and, under 11 U.S.C. §544(a) is entitled to avoid the post-petition and post-conversion mortgage lien over the property; (xii) the R&G lien is preserved in favor of the bankruptcy estate pursuant to 11 U.S.C. §§544 and 551; and (xiii) BPPR and the Property Registrar were stayed from registering post-petition, any liens over property of the bankruptcy estate. "… BPPR's post-petition actions to register the R&G mortgage and create a lien over property #25105 is a clear violation of the automatic stay" (Docket No. 23).

On January 26, 2017, the court granted the Plaintiff's unopposed *Motion for Summary Judgment* (Docket No. 24) and *Judgment* was entered (Docket No. 25). On February 9, 2017, BPPR filed a *Motion for Reconsideration of Order and Judgment* (Docket No. 28), which was amended through the *Motion for Reconsideration of Order and Judgment, And Notice* (Docket No. 30).  On February 27, 2017, the Chapter 7 Trustee filed his *Opposition to BPPR's Reconsideration of Order & Judgment* (Docket No. 31).

On October 23, 2018, an *Opinion and Order* was entered in which this court concluded as follows:

> "[a]lthough the court is unpersuaded by the Defendant's arguments for reconsideration, as most of the arguments could or should have been presented to the court prior to the judgment, and the Defendant may be using the reconsideration as an attempt to undo its own procedural failure, a careful review of the record reveals that the parties have omitted and left unaddressed a material fact in the present case, that is, that the stay was lifted in favor of BPPR (Lead Case, Docket No. 43) prior to the notice of conversion. 11 U.S.C. §549 states that '… the trustee may avoid a transfer of property of the estate (1) that occurs after the commencement of the case; and (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court.' The post-petition registration of BPPR's lien was authorized by the court pursuant to the order lifting the automatic stay.  In view of the foregoing, the Motion for Reconsideration filed by BPPR (Docket No. 28) is hereby granted.  The court vacates the Order at Docket No. 24 and the Judgment entered at Docket No. 25. It is further ordered that the parties meet and explore settlement.  If no agreement is reached and filed within thirty (30) days, the court will schedule a status conference" (Docket No. 45, pg. 7).

Thereafter, on February 15, 2019, BPPR filed a *Motion to Dismiss* (Docket No. 50) and the Chapter 7 Trustee filed his *Opposition* to the same on April 17, 2019 (Docket No. 57).  On

May 13, 2019, BPPR filed its Reply to the *Trustee's Opposition to Request for Dismissal* (Docket No. 65).

After a thorough review of the motion to dismiss and the opposition to the same, the court reaffirms its holding in the October 23, 2018 *Opinion and Order,* which granted BPPR's *Motion for Reconsideration* (Docket No. 28) and vacated the *Order* at Docket No. 24 and the *Judgment* entered at Docket No. 25. However, the court finds that its conclusion that, "[t]he post-petition registration of BPRR's lien was authorized by the court pursuant to the order lifting the automatic stay" is subject to questioning on the merits. The court's statement was not prompted by a legal argument presented by either party in their motion for reconsideration and the opposition to the same. The court will proceed to explain its prior statement by first addressing BPPR's law of the case argument and then delving into the other legal issues brought forth by the Plaintiff's motion to dismiss and the opposition to the same by the Defendant.

### Applicable Law and Analysis

*Fed. R. Civ. P. 12(b)(6)*

"The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer." Velez-Arcay v. Banco Santander de P.R. (In re Velez-Arcay), 499 B.R. 225, 230 (Bankr. D.P.R. 2013), citing Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir.1984); Citibank, N.A. v. K-H Corp., 745 F. Supp. 899, 902 (S.D.N.Y. 1990).

Fed. R. Civ. P. 8(a)(2), applicable to adversary proceedings through Fed. R. Bankr. P. 7008, mandates that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter". Surita-Acosta v. Reparto Saman Inc. (In re Surita-Acosta), 464 B.R. 86, 90 (Bankr.D.P.R. 2012). Therefore, to survive a Fed. R. Civ. P. 12(b)(6) motion to

dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The Twombly standard was further developed in Ashcroft v. Iqbal, 556 U.S. 622 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual". Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

In Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012), the U.S. Court of Appeals for the First Circuit (the "First Circuit") established a two-step standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6). Step one: isolate legal conclusions. Step two: take the complaint's well-pleaded (non-conclusory) allegations as true, drawing all reasonable inferences in favor of the plaintiff and determine if they plausibly narrate a claim for relief. Also see Pérez v. Rivera (In re Pérez), 2013 WL 1405747 at *3, 2013 Bankr. LEXIS 1561

at **9-10 (Bankr. D.P.R. 2013); Zavatsky v. O'Brien, 902 F. Supp. 2d 135, 140 (D. Mass. 2012); Guadalupe-Báez v. Pesquera, 2016 U.S. App. Lexis 7173, *7 (1st Cir. 2016).

*Law of the case doctrine*

BPPR in its motion to dismiss argues that: (i) "[t]herefore, as per the doctrine of the law of the case, the final two causes of actions as stated in the complaint are equally non-existent. This Court already concluded that the registration of BPPR's mortgage was authorized by the court pursuant to the order lifting the automatic stay. Thus, no violation of the stay was incurred by BPPR or the Registrar of the Property and Plaintiff is not entitled to claim any damages pursuant to section 362 of the Code;" (ii) "'[l]aw of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues is subsequent stages in the same case.' Arizona v. California, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983). This doctrine has been developed to maintain consistency and avoid reconsideration of matters once decided during the courts of a single continuing lawsuit, see Petratos v. Genentech, 855 F2d. 481 (#rd. Cir. 2017)" (Docket No. 50, pgs. 8-9)

"The term 'final judgment" is no misnomer – the Supreme Court has held consistently for generations that it applies only to a determination that leaves nothing more for the court to do than to execute judgment. See Riley v. Kennedy, 553 U.S. 406, 128 S. 1970, 1981, 170 L. Ed. 2d 837 (2008) ("A final judgment is 'one in which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S. Ct. 631, 89 L. Ed. 911 (1945))" Vázquez Laboy v. Doral Mort. Corp. (In re Vázquez Laboy), 647 F. 3d 367, 372 (1st Cir. 2011). The bankruptcy court granted the motion for reconsideration and vacated its prior Order at Docket No. 24 and the Judgment entered at Docket No. 25. Thus, there is no final Judgment in this adversary proceeding.

"The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" In re Vázquez Laboy, 647 F. 3d at 372-373; Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F. 3d 45, 53 (1st Cir. 2009) (quoting Arizona v. California, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983); Harlow v. Children's Hosp., 432 F. 3d 50 (1st Cir. 2005); Whitehouse v. LaRoche, 277 F. 3d 568, 573 (1st Cir. 2002). The law of the case doctrine "is a prudential principle that 'precludes relitigation of the issues presented in successive stages of a single case once those issues have been decided.'" Field v. Mans, 157 F. 3d 35, 40 (1st Cir. 1998) (quoting Cohen v. Brown Univ., 101 F. 3d 155, 167 (1st Cir. 1996)).

The law of the case doctrine has two forms or branches. The first form is the "mandate rule" which "prevents relitigation in the trial court of matters that were explicitly or implicitly decided by an earlier appellate decision in the same case." Negron- Almeda v. Santiago, 579. 3d 45, 51 (1st Cir. 2009) (citing United States v. Moran, 393 F. 3d 1, 7 (1st Cir. 2004)). The second modality, "contemplates that a legal decision made at one stage of a criminal or civil proceeding should remain the law of that case throughout the litigation, unless and until the decision is modified or overruled by a higher court" Id. at 51 (citations omitted).

The court finds that the law of the case doctrine does not apply in the instant adversary proceeding because there was no final Judgment rendered.

The next step in the analysis is to revisit the *Motion for Relief from Stay Pursuant to 11 U.S.C. §362* and the Order granting the same. The *Motion for Relief from Stay pursuant to 11 U.S.C. §362* requested the following relief: "[w]herefore, BPPR respectfully requests that an order be entered granting the relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code, granting costs, expenses and attorney's fees to BPPR and authorizing BPPR to proceed with the foreclosure of the mortgage against the property, with such further relief as may be deemed just and proper. BPPR further requests that the POC be deemed withdrawn or the disbursements be discontinued and that BPPR be released from the responsibility of filing Notice

-12-

of Payment Changes and Post-Petition Fee Notifications" (Lead Case, Docket No. 37, pg. 4). The Order granting said motion reads in the following manner: "[u]pon respondent's failure to oppose the motion for relief of stay filed by Banco Popular PR, as required by Rule 4001 of the Federal Rules of Bankruptcy Procedure and PR LBR 4001-1(e), it is now, Ordered that the motion for relied of stay lifted by Banco Popular PR, docket entry #37, be and is hereby granted by default" (Lead case, Docket No. 43). "The flexibility of section 362 is underscored by the language of subsection (d), which provides that relief may be granted by 'terminating, annulling, modifying, or conditioning' the stay. The effect is to permit the court to fashion the relief to the circumstances of the case. In some cases, modification or conditioning of the stay may be sufficient to protect the nondebtor party by permitting the exercise of some but not all of the party's rights. For example, a court might permit a party to commence a foreclosure action, which typically takes considerable time to complete, but bar the party from actually holding a foreclosure sale. This would protect the nondebtor party against the delay of the foreclosure process while also protecting the debtor's interest in the property" Alan N. Resnik & Henry J. Sommer, 3 Collier on Bankruptcy ¶362.07[1] (16th ed. 2019).

The First Circuit in Grella v. Salem Five Cent Sav. Bank, 42 F. 3d 26, 34 (1st Cir. 1994), recognized the distinction between the consideration and the adjudication of an issue regarding a motion for relief from the automatic stay and it concluded that:

> "[I]n a relief from stay hearing, the only issue properly before the court, and thus the only one actually adjudicated, is whether the stay should be lifted because a creditor has shown a colorable claim. Put another way, and employing the preliminary injunction analogy discussed above, a creditor must show a reasonable likelihood that it has a meritorious claim, and the court may consider any defenses or counterclaims that bear on whether this reasonable likelihood exists. If the stay is lifted, however, what has been actually adjudicated is only that the creditor has shown reasonable likelihood. It is not a ruling on the merits of the underlying claim."
> See also; Mission Prod. Holdings v. Schleicher & Stebbins Hotels, L.L.C. (In re Old Cold, LLC) 602 B.R. 798, 825-826 (1st Cir. BAP 2019).

-13-

Therefore, upon the granting by default of the motion for relief from the stay, the court granted the relief requested by BPPR which was that it could proceed with the foreclosure of the mortgage against the property. The court's Order did not authorize the post-petition registration of BPPR's lien.

In considering BPPR's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must determine whether the facts alleged in the complaint are sufficient to demonstrate that the Chapter 7 Trustee has a "plausible entitlement to relief" Sanchez v. Pereira Castillo, 590 F. 3d 31, 41 (1st Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The first cause of action pursuant to the complaint in the instant case is to set aside the transfer of property pursuant to 11 U.S.C. §544(a)(3). The chapter 7 Trustee as a hypothetical lien creditor and a bona fide purchaser who perfected his right as of the date of the filing, acquired preference and is entitled to avoid the mortgage lien over the property. The second cause of action pursuant to the complaint is the preservation of the avoided lien in favor of the bankruptcy estate pursuant to section 544 and 551 and in conformity with DeGiacomo v. Traverse (In re Traverse), 753 F 3d 19 (1st Cir. 2014).

Thus, the next step in the analysis is to determine whether the Chapter 7 Trustee has a "plausible entitlement to relief" pursuant to 11 U.S.C. §544(a)(3) and the Puerto Rico Mortgage Law as a hypothetical bona fide purchaser/third party who acquired an intervening interest in the residence that is superior to BPPR's mortgage lien as of the commencement of the case, allowing the Trustee to avoid the lien.

On December 8, 2015, Act 210-2015 was enacted. It is known as the Commonwealth's Property Registry Act; 30 L.P.R.A. §§6001 et seq. (2015). The mortgage at issue was executed in the year 2004 and the Property Registrar registered the same on or around November 9, 2015. More importantly, the bankruptcy petition was filed on October 29, 2010. The trustee's strong arm powers vest at the time the petition is filed and are not subject to subsequent changes in the

-14-

applicable non bankruptcy law. See Hon. Joan N. Feeney, Hon. Michael G. Williamson & Michael J. Stepan, Esq., Bankruptcy Law Manual, §9.7 (5th ed. 2019) Therefore, the applicable mortgage law is the Mortgage and Property Registry Act of 1979, 30 L.P.R.A. §§2001 et seq.

It is uncontested that prior to the Property Registrar registering the mortgage lien under property #25105, the case had been converted and the Chapter 7 Trustee had been appointed on March 24, 2015 (Lead case, Docket No. 60). On or around November 9, 2015, the Property Registrar registered the R&G mortgage under property #25105 (instead of over property #7187 were it had been presented for recordation and registry). Pursuant to the complaint, the property in controversy, "… was segregated from property #7187, registered at the Property Registry of Bayamon, Section III, at Folio 27, Volume 145 of Toa Alta. See BPPR's Title Studies at claim no. 4-1, p. 7-8, claim no. 8-1, p. 5-5 and Exhibit 1" (Docket No. 1, pg. 5).  According to two (2) title studies prepared on December 20, 2010 and thereafter on March 12, 2012 by L.J.N. Title Search Company, Inc., as to property #25105, both of the title studies state that the R&G mortgage deed was presented for registration on April 22, 2004. Underneath the heading "Presentation" of the title studies there is a note that states: "[i]nformation from the Agora System, given that the document was not located. This document was presented in error under parcel number 7187 and not under the corresponding number 25105[2]" (Docket No. 1, Exhibit 1, pgs. 19-22). Pursuant to the complaint, "[t]he R&G [m]ortgage was presented for registration at the Registry of the Property, which presentation was noted at Inscription ("Asiento") 799, Daily Book ("Diario") 457. According to the Inscription, the R&G Mortgage was presented for registration over Property #7187 (and not Property #25105, which is property of the bankruptcy estate). See registration data at Exhibit 2" (Docket No. 1, pg. 3). The Trustee's complaint references Exhibit 2 which

---

[2] The information contained in both of the title studies in the Spanish language reads as follows:
"PRESENTACION:
Presentada el 22 de abril de 2004, al asiento 799 del diario 457, según, ecritura número 133, otorgada en Bayamón, el 30 de marzo de 2004, ante la notario Cristina Pérez Taboas, para que se inscriba hipoteca a favor de R&G Premier Bank of Puerto Rico, por la suma de $132,800.00

Nota: Información del Sistema Agora ya que el documento no fue localizado. Este document consta presentado erroneamente bajo la finca número 7187 y no bajo la correspondiente número 25105" (Docket No. 1, Exhibit 1, pgs. 19-22).

appears to be a printout from the Property Registrar regarding the mortgage deed in controversy. Said printout, in the "Detail" portion of the same provides the information regarding mortgage deed number 133 and it states that said mortgage was presented so that same can be registered under parcel number 7187. The printout under the "Notes" portion has two (2) notes which state as follows: (i) on October 7, 2015, a letter was sent regarding the inscription; November 3, 2015; and (ii) on September 9, 2015, registered under the Act to Expedite Property Registration of 2010 to page 21 of book 554 of TA, fifth inscription, parcel 25105[3] (Docket No. 1, Exhibit 2, pg. 23).

> Section 544(a)(3) provides:
> > "(a)[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
> >
> > (3) a bona fide purchaser of real property, other than fixtures, from the debtor against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exits." 11 U.S.C. §544(a)(3).

This subsection gives the trustee the rights and powers of a bona fide purchaser of real property from the debtor pursuant to the state law, if at the commencement of the bankruptcy case a hypothetical buyer could have obtained bona fide purchaser status. Thus, the trustee can avoid liens or conveyances that a bona fide purchase could avoid. See Alan N. Resnik & Henry J.

---

[3] The information contained in the Property Registrar printout in the Spanish language reads as follows:
"DETALLE:
Asiento 799 Diario 457: Carlos Rojas presenta a las nueve horas y seis minutos el veintidos de Abril del año dos mil cuatro, escritura número 133 sobre Hipoteca otorgada en Bayamón el día treinta de Marzo de 2004 del año dos mil cuatro ante el notario Doña Cristina Perez Taboas, para que se inscriba a favor de RG Premier Bank of Puerto Rico sobre la finca número 7187 del termino municipal de Toa Alta, Solar 1 del Barrio Piñas Sector Bucarabones con cabida de 1,095.43 M.C. Con un valor la transacción de $132,800. Derechos: $482.00. Presentación y Código Politico: $10.50.

NOTAS:
07-10-2015: Se Envió Carta de Inscrito Asiento Extendido: 3 de Noviembre de 2015
09-09-2015: Inscrito bajo la Ley para Agilizar el Registro de la Propiedad de 2010 al folio 21 del tomo 554 de TA, inscripción 5TA, finca 25105. Derechos: $492.50" (Docket No. 1, Exhibit 2, pg. 23).

Sommer, 5 Collier on Bankruptcy ¶544.05 (16th ed. 2019). The term bona fide purchaser is not a defined term in the Code. "However, the term is generally defined in the case law as one who has purchased property for value without notice of any defect in the title of the seller. By the express terms of the statute, the trustee's hypothetical status as a bona fide purchaser is limited to real estate and does not apply to personal property. Using this strong arm power, the trustee can avoid transfers which are inferior to a bona fide purchaser under state law including unperfected liens, mortgages, and interests." Hon. Joan N. Feeney, Hon. Michael G. Williamson & Michael J. Stepan, Esq., Bankruptcy Law Manual, §9.7 (5th ed. 2019). The trustee's hypothetical lien creditor status is determined on the date the bankruptcy petition is filed and not on the date of conversion to chapter 7. See General Elec. Credit Corp. v. Nardulli & Sons, Inc., 836 F. 2d 184, 192 (3rd Cir. 1988). "As a hypothetical bona fide purchaser, the trustee under this subsection is deemed to have conducted a title search, paid value for the property and perfected its interest as a legal title holder as of the date of the commencement of the case. Varying results have been reached in cases concerning acknowledgment of deeds that are defective in one way or another." See Alan N. Resnik & Henry J. Sommer, 5 Collier on Bankruptcy ¶544.05 (16th ed. 2019).

Moreover, "[t]he trustee's bona fide purchaser status, as with the other strong arm powers, is not subject to the trustee's actual knowledge of facts. However, if under applicable law the trustee would have constructive notice of an interest in real estate, the trustee's avoiding powers are restricted by such notice." Hon. Joan N. Feeney, Hon. Michael G. Williamson & Michael J. Stepan, Esq., Bankruptcy Law Manual, §9.7 (5th ed. 2019).

At this juncture and within the context of a motion to dismiss, which is to assess the legal feasibility of a complaint, the court concludes that the Chapter 7 Trustee as a hypothetical bona fide purchase/third party has a "plausible entitlement to relief" to his claim. The Chapter 7 Trustee, as a hypothetical bona fide purchaser/third party who acquired an intervening interest in

property #25105, may question the correction performed by the Property Registrar pursuant to 11 U.S.C. §544(a)(3) and the Puerto Rico Mortgage Law. Thus, the Chapter 7 Trustee may request an order declaring that the mortgage lien in controversy is voidable.

Conclusion

In view of the foregoing, this court finds that after having isolated the legal conclusions and taken the Complaint's well pleaded non-conclusory allegations as true; and drawing all reasonable inferences in favor of the Plaintiff to determine if there is a plausible claim for relief; and considering the the trustee's strong arm powers for avoidance of a mortgage lien under 11 U.S.C. §544(a)(3); the court finds that the Complaint contains sufficient factual allegations that if accepted as true, state a plausible claim to relief. Therefore, the Defendant's *Motion to Dismiss* is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 29th day of January, 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

-18-